# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| M.F., *individually and on behalf of Z.F.*, Plaintiff | No. 25 CV 15549 |
| v. | Judge Jeremy C. Daniel |
| Blue Cross Blue Shield of Illinois, Defendant |  |

## ORDER

The defendant's motion to dismiss [14] is granted in part and denied in part. The defendant shall answer on or before August 21, 2026.

## STATEMENT

### Background and Legal Standard

The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Plaintiff Z.F., a minor at all times relevant to this case, was a beneficiary of their parent, M.F.'s, participation in the New Menu 2500 PPO Plan (the "Plan") provided by Defendant Blue Cross Blue Shield of Illinois ("Blue Cross"). (R. 1 ¶¶ 4–7.)[1] The Plan is an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 (ERISA). *See* 29 U.S.C. § 1001, *et seq.*; (*Id.* ¶ 9.) Z.F. was treated at Innerchange Chrysalis ("Chrysalis"), an outdoor behavioral health program, from February 12, 2021, to December 22, 2021, related to previous diagnoses of depressive, anxiety and disruptive behavioral disorders, attention deficit-hyperactivity disorder, and a substance abuse disorder. (*Id.* at 1, ¶¶ 27–28.) Chrysalis is licensed by the State of Montana as a "Private Alternative Adolescent Residential or Outdoor Program" and provides mental health treatments at an intermediate, subacute level. (*Id.* ¶¶ 29, 31.) Z.F. benefitted from the treatment at Chrysalis and improved in all diagnosed conditions. (*Id.* ¶ 33.)

Chrysalis charged about $113,500 for these services, and the charges were submitted to Blue Cross. (*Id.* ¶ 34.) Blue Cross accepted the claim for Chrysalis' services disbursed in July 2021, totaling $10,850, and reimbursed the plaintiff for $1,675. (*Id.*

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

¶ 35.) Blue Cross denied all other claims during the treatment period, citing either lack of eligibility or requiring further information (which Z.F. provided). (*Id.* ¶¶ 36–38.) In March 2022, M.F. submitted an appeal, which Blue Cross denied in June 2022. (*Id.* ¶¶ 39–40.) In its denial, Blue Cross referenced their exclusion of "Behavioral health services provided at behavior modification facilities, boot camps, emotional group academies, military schools, therapeutic boarding schools, wilderness programs, halfway houses, and group homes, except for Covered Services provide by appropriate Providers as defined in this Certificate," as well as references to the Plan's definitions of a "Residential Treatment Center." (*Id.* ¶¶ 41, 43.) The letter ended by informing M.F. that there was only one internal appeal available, so all appeal rights had been exhausted. (*Id.* ¶ 44.) As a result, M.F. incurred around $111,000 in expenses for Z.F.'s treatment. (*Id.* ¶ 45.) M.F. brought suit against Blue Cross for denial of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B) (Count I), and the Mental Health Parity and Addiction Equity Act (MHPAEA or the "Parity Act"), 29 U.S.C. § 1185a(a)(3)(A)(ii) (Count II). (*Id.* ¶¶ 51–69.) Blue Cross moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* R. 14.)

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face" and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

<u>Analysis</u>

**ERISA Benefits Claim**

Blue Cross first argues that Count I fails because Chrysalis does not provide covered services under the Plan's terms. (R. 14 at 6–7.) The Court incorporates the Plan booklet by reference. *See* Fed. R. Civ. P. 12(d)[2]; (R. 14-1, Ex. 1.) The Plan booklet states that for mental illness and substance use disorder services, inpatient benefits will be provided for treatment in a "Residential Treatment Center" (RTC). (R 14-1 at 63–64.) The Plan booklet defines an RTC as:

---

[2] "[A] court may consider documents [not in the complaint] that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022) (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)).

> [A] facility setting offering a defined course of therapeutic intervention and special programming in a controlled environment which also offers a degree of security, supervision, structure and is licensed by the appropriate state and local authority to provide such service. It does not include half-way houses, supervised living, group homes, wilderness programs, boarding houses or other facilities that provide primarily a supportive environment and address long term social needs, even if counseling is provided in such facilities. Patients are medically monitored with 24 hour medical availability and 24 hour onsite nursing service for patients with Mental Illness and/or Substance Use Disorders. Blue Cross and Blue Shield of Illinois requires that any Mental Illness and/or Substance Use Disorder Residential Treatment Center must be licensed in the state where it is located, or accredited by a national organization that is recognized by Blue Cross and Blue Shield of Illinois as set forth in its current credentialing policy, and otherwise meets all other credentialing requirements set forth in such policy.

(*Id.* at 157–58.) Blue Cross may ultimately be correct that the plaintiff cannot establish that the facility qualifies as an RTC under the Plan's definition. But at the pleadings stage, the Court is not prepared to hold that the plaintiff was required to specifically allege satisfaction of each definitional component of the Plan's coverage provisions. Whether Chrysalis in fact met those criteria, and whether Blue Cross may rely on that basis for denying benefits, are questions more appropriately addressed after the administrative record is before the Court at the merits stage. The Court accordingly denies Blue Cross's motion to dismiss as to Count I.

**Parity Act Claim**

Blue Cross next argues that the plaintiff fails to state a claim under the Parity Act. (R. 14 at 9–16.) "The Parity Act requires, as a general matter, that health insurers place coverage for mental conditions on an equal footing with coverage for physical conditions." *Midthun-Hensen ex rel. K.H. v. Grp. Health Coop. of S. Cent. Wis., Inc.*, 110 F.4th 984, 986 (7th Cir. 2024). Specifically, the statute requires that "treatment limitations [in ERISA plans] applicable to ... mental health or substance use disorder benefits are no more restrictive than ... treatment limitations applied to substantially all medical and surgical benefits covered by the plan[.]" 29 U.S.C. § 1185a(a)(3)(A)(ii).

The plaintiff's allegations as to a disparity between the requirements tied to mental health treatment and other general medical treatments in the Plan are conclusory at best. (*See* R. 1 ¶¶ 58–69.) The only specific violation identified is that Blue Cross did not address the Parity Act in its appeal denial. (*Id.* ¶ 67.) But this is not a requirement

3

of the statute. In the absence of allegations tied to specific requirements for mental health treatment that exceed requirements for general medical treatment, the Court finds that the plaintiff has not adequately pled a claim under the Parity Act. Blue Cross' motion to dismiss is granted as to Count II.

Date: July 31, 2026

JEREMY C. DANIEL
United States District Judge

4